UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| RITA CHANEL WILLIAMS | ) CASE NO. 18-53399-LRC |
| | ) |
| | ) |
| DEBTOR. | ) |

**CHAPTER 13 TRUSTEE'S**
**OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The Debtor has failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

2. In accordance with General Order Nos. 18-2015 and/or 22-2017 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $9,721.33 per month self-employment income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

3. The Trustee requests proof of the business lease expense in the amount of $2,650.00 and business expenses in the amount of $3,914.00 reflected on Debtor's schedules in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

4. The Trustee requests proof of the $100.00 per month expenses for real estate taxes reflected on Debtor's schedules in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

5. Pursuant to testimony at the meeting of creditors, the Debtor has not filed all tax returns that have come due in the four (4) years preceding the filing of this case, in violation of 11 U.S.C. Section 1308 (a). The Debtor should provide evidence that the tax returns have been filed for 2017.

6. The Debtor has failed to provide the Trustee with a copy of the 2017 federal income tax return for the most recent tax year ending immediately before the commencement of the instant case in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

7. Pursuant to information received from the Internal Revenue Service, 2017 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

8. As Debtor is self-employed and/or operates a business, the Trustee has requested a Business Questionnaire, monthly cash flows reports, tax returns and/or bank statements from the Debtor. Debtor has failed to provide the Trustee with the business documentation, and accordingly, the Trustee is unable to determine whether the proposed Plan complies with 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), and 1325(b)(1)(B). The Trustee requests that the Debtor provide Profit & Loss Statements.

9. The Chapter 13 petition and schedules fail to disclose Debtor's interest in Debtor's LLC, in violation of 11 U.S.C. Section 521.

10. The Chapter 13 Plan appears to be infeasible because the budget in the Schedules fails to include an expense for real property insurance (with automobile insurance included) in the amount of $470.00 per month. 11 U.S.C. Section 1325(a)(6).

11. The Chapter 13 Trustee is unable to administer the provisions in the Chapter 13 Plan regarding the claim of Ian Boxall (interest rate). The Plan should be amended to clarify the creditor's treatment and/or to provide additional information to allow administration of the payments to the creditor.

12. The Chapter 13 Plan contains provisions in Section 8.1 which may be overbroad and/or unnecessary. This appears to be an attempt to modify the NDGA Local Plan Form, which requires approval of the Bankruptcy Court at the hearing on confirmation of the Plan.

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Jason L. Rogers
Jason L. Rogers
Attorney for Chapter 13 Trustee
GA Bar No. 142575

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| RITA CHANEL WILLIAMS | ) | |
| | ) | CASE NO.: 18-53399-LRC |
| | ) | |
| DEBTOR. | ) | |

18-53399-LRC                    **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

DEBTOR(S):
RITA CHANEL WILLIAMS
6402 SHERWOOD TRAIL
AUSTELL, GA  30168

DEBTOR(S) ATTORNEY:
THE SEMRAD LAW FIRM, LLC
STERLING POINT II
SUITE 201
303 PERIMETER CENTER NORTH
ATLANTA, GA  30346

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Tuesday, April 24, 2018

/s/
Jason L. Rogers
GA Bar No. 142575
Attorney for Melissa J. Davey, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:  678-510-1444
Facsimile:   678-510-1450